■ In the Matter of Daniel Hernandez, Respondent, and James Bynum et al., Intervenors-Respondents, v Lilliam Barrios-Paoli, as Commissioner of the Human Resources Administration of the City of New York, et al., Appellants. [677 NYS2d 535] —Order and judgment (one paper), Supreme Court, New York County (Emily Goodman, J.) entered February 3, 1998, granting the petition enjoining municipal respondents from taking any adverse action with regard to petitioner's application for public assistance for his failure to appear for an

Eligibility Verification Review (EVR), and directing respondents to issue directives eliminating EVRs as a requirement for establishing or maintaining benefits and services provided through the Division of AIDS Services Income Support, unanimously reversed, on the law, without costs, and the petition dismissed.

Petitioner, an HIV-positive, formerly homeless person temporarily placed in transitional housing in the Bronx, relies on a putative conflict between Local Laws, 1997, No. 49 of the City of New York ([Local Law 49] adding Administrative Code of City of NY §§ 21-126—21-128), mandating the provision of benefits and services to AIDS/HIV-positive sufferers by the Division of AIDS Services Income Support (DASIS) of the Human Resources Administration, that may not be terminated except when the claimant no longer satisfies eligibility requirements, and the EVR program (i.e., Eligibility Verification Reviews), also of the Human Resources Administration, requiring verification of residence, either at an interview at the EVR office followed by a home visit or in the case of certain AIDS sufferers, by an in-home interview, as a predicate to eligibility for public assistance benefits. Petitioner, who had applied at the DASIS Manhattan office, failed to appear for a scheduled EVR interview at the EVR Brooklyn office in connection with his DASIS application. It is undisputed that petitioner knew of the interview and the requirement. Rather, personnel at his transitional housing protested the need for petitioner, who had already applied at the DASIS Manhattan office, to appear at the Brooklyn EVR office. It also is undisputed that petitioner eventually was excused from the need to appear for an EVR interview and remained subject only to a home interview. Petitioner, represented by the organizational sponsor of the transitional housing, then commenced this proceeding, contending that requiring him, as a DASIS client, to submit to an EVR interview by non-DASIS personnel, violated Local Law 49, especially its provision that an AIDS/HIV sufferer be provided assistance at a single location.

The claim is meritless. Initially, the use of non-DASIS staff for the EVR process does not violate Local Law 49. DASIS staff are not intended to make eligibility determinations, but only to provide the necessary assistance in securing benefits. Moreover, benefits are clearly predicated on the recipient's eligibility for public assistance benefits (Administrative Code of City of NY § 21-128 [a], [b]). Although eligibility requirements "shall not be more restrictive than those requirements mandated by state or federal * * * law" (Administrative Code § 21-128 [b]),

this does not eliminate the EVR process, including the interview requirement. Applicants specifically must still meet eligibility criteria established by local, State or Federal law (§ 21-128 [a] [3]; [b]). Notably, Local Law 49 does not even mention the EVR requirement, so by its terms does not invalidate it. Finally, this phrasing, that "the requirements with respect to such access to and eligibility for benefits and services shall not be more restrictive than those requirements mandated by state or federal * * * law", which petitioner construes as precluding the superimposition of an EVR requirement, clearly qualifies only the immediately preceding sentence, with regard to additional benefits and services, rather than qualifying the passage as a whole addressing basic benefits and services (§ 21-128 [b]).

We have considered petitioner's remaining contentions and find them to be meritless. Concur—Sullivan, J. P., Rosenberger, Wallach, Tom and Saxe, JJ.